UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-02005-Sanchez

FILED BY YH D.C.
Jan 2, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

KAREN VALERIA GODOY PROANA,
AMPARO ASENCIO PENA,
DAURIS AUGUSTO GUZMAN RUIZ,
NICANOR RODRIGUEZ BONIFACIO,
OMAR SILVESTRE HEREDIA SOTO,
JHONATHAN ALBERTO HERRERA TORO,
RANDY MANUEL PERCEL ARIAS, AND
BENITO SUERO LEBRON.
           Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? **No**

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? **No**

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? **No**

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? **No**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:     /s/*TANNER P. STIEHL*
        Tanner P. Stiehl
        Special Assistant United States Attorney
        FL Bar No. 1031487
        99 N.E. 4th Street
        Miami, FL 33132
        Tel. No. (786) 360-9752
        E-mail: Tanner.Stiehl@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Karen Valeria Godoy Proana, Amparo Asencio Pena, Dauris Augusto Guzman Ruiz, Nicanor Rodriguez Bonifacio, Omar Silvestre Heredia Soto, Jhonathan Alberto Herrera Toro, Randy Manuel Percel Arias, and Benito Suero Lebron. | ) Case No. 25-mj-02005-Sanchez ) ) ) ) |
| *Defendants.* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 31, 2024__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal Reentry of a Removed Alien |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael A. Roberts, Special Agent HSI
*Printed name and title*
(No. 9351)

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __January 2, 2025__

_____
*Judge's signature*

City and state: __Miami, Florida__    Honorable Eduardo I. Sanchez, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael A. Roberts, being duly sworn, do hereby depose and state the following:

## INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), in Miami, Florida, and have been so employed since February 2019. I am currently assigned to the Human Smuggling Group, where I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed as a Deportation Officer, and as a United States Customs and Border Protection ("CBP") Officer. I have completed the Criminal Investigator Training Program, HSI Special Agent Training Program, ICE Basic Immigration Enforcement Training Program and the CBP Officer Basic Training Course at the Federal Law Enforcement Training Center regarding the proper investigative techniques, including the application and execution of search, arrest, and seizure warrants, for violations of federal laws.

2. The statements contained in this affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, other law enforcement officers and agents who have engaged in numerous investigations involving the transportation of migrants who are unlawfully present in the United States, and upon facts and information from the following sources I believe to be reliable: oral and written reports pertaining to this investigation which I received directly from other law enforcement officials and employees of HSI. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known

to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. I submit this affidavit in support of a criminal complaint charging, **Karen Valeria GODOY PROANA** ("GODOY"), **Amparo ASENCIO PENA** ("ASENCIO"), **Dauris Augusto GUZMAN RUIZ** ("GUZMAN"), **Nicanor RODRIGUEZ BONIFACIO** ("RODRIGUEZ"), **Omar Silvestre HEREDIA SOTO** ("HEREDIA") a/k/a Omar Heredia Sierra, **Jhonathan Alberto HERRERA TORO** ("HERRERA"), **Randy Manuel PERCEL ARIAS** ("PERCEL"), and **Benito SUERO LEBRON** ("SUERO") with re-entry of a removed alien, in violation of Title 8, United States Code, Section 1326(a).

## FACTS IN SUPPORT OF PROBABLE CAUSE

4. On or about December 31, 2024, at approximately 9:00 a.m., Homeland Security Investigations ("HSI") Miami agents assigned to Human Smuggling Group ("HSG") were contacted by the United States Coast Guard ("USCG") Sector Miami in reference to a Maritime Interdiction of a United States (US) flagged recreational vessel (the SUSPECT VESSEL) encountered approximately (8) eight nautical miles (NM) East of Miami-Dade County, Florida, within the Territorial Seas of the United States of America.

5. According to United States Customs and Border Protection ("CBP") Office of Air and Marine Operations ("AMO") and USCG documents, on or about December 30, 2024, the Palm Beach Sheriff's Office (PBSO) radar tracked a vessel departing the United States towards Gun Cay, Bahamas.

6. CBP AMO Marine Interdiction Agents ("MIA") were initially notified of the SUSPECT VESSEL by USCG Cutter Manowar, who was patrolling offshore of Bimini Island, Bahamas. The crew of Cutter Manowar observed the SUSPECT VESSEL, a center console, with

2

three outboard engines, operating without navigation lights under the cover of darkness, loitering just offshore of Gun Cay, Bahamas. After a short time, the SUSPECT VESSEL was observed navigating to the backside of the island and remained there for a couple hours.

7. On or about December 31, 2024, at approximately 04:00 a.m., the SUSPECT VESSEL was observed transiting west, towards Florida. Cutter Manowar notified CBP AMO Agents that the SUSPECT VESSEL was in transit, with numerous persons observed on board.

8. Cutter Manowar provided position, course and speed updates to the awaiting AMO Crews. Upon crossing the Maritime Border of the United States located approximately 12 nautical miles offshore from the baseline, CBP AMO MIA initiated a pursuit of the SUSPECT VESSEL, where CBP AMO MIA energized (turned on) their law enforcement blue lights and sirens and directed the SUSPECT VESSEL to stop.

9. CBP AMO MIAs were able to board the vessel, identified as a 33' high performance recreational vessel. The SUSPECT VESSEL had a black and red hull, with white trim, and bore Florida registration number FL4438FR.

10. CBP AMO MIAs identified a total of twenty-five (25) persons on board the SUSPECT VESSEL. CBP AMO MIA's, pursuant to policy and procedures, conducted an immigration inspection, where the MIA's determined there were twenty-three (23) persons, to include four (4) Chinese citizens, two (2) Ecuadorian citizens, fifteen (15) Dominican Republic citizens, one (1) Colombian citizen, and one (1) Venezuelan citizen. These individuals had no documentation or status to lawfully come to, enter, or remain in the United States. Two (2) were identified as citizens and nationals of Cuba, who were identified as having Lawful Permanent Residence in the United States.

11. All 25 occupants were transferred to Cutter Manowar for further identification and biometric purposes. Biometrics and records checks also revealed the following:

   a. GODOY is a citizen of Ecuador. Immigration records revealed that on or about July 9, 2024, GODOY was ordered removed from the United States. On or about July 29, 2024, GODOY was removed to Ecuador.

   b. ASENCIO is a citizen of the Dominican Republic. Immigration records revealed that on or about August 14, 2008, ASENCIO was ordered removed from the United States. On or about February 13, 2024, ASENCIO was removed to the Dominican Republic.

   c. GUZMAN is a citizen of the Dominican Republic. Immigration records revealed that on or about March 18, 2024, GUZMAN was ordered removed from the United States. On or about June 4, 2024, GUZMAN was removed to the Dominican Republic.

   d. HEREDIA is a citizen of the Dominican Republic. Immigration records revealed that on or about July 6, 1997, HEREDIA was ordered removed from the United States. On or about December 21, 1998, HEREDIA was removed to the Dominican Republic. HEREDIA was later encountered unlawfully inside the United States, and on or about June 28, 2006, was removed to the Dominican Republic. HEREDIA was encountered again unlawfully in the United States, and on or about May 14, 2024, was again removed to the Dominican Republic.

 e. HERRERA is a citizen of Venezuela. Immigration records revealed that on or about November 5, 2024, HERRERA was ordered removed from the United States. On or about November 8, 2024, HERRERA was removed to Mexico.

 f. PERCEL is a citizen of the Dominican Republic. Immigration records revealed that on or about October 19, 2023, PERCEL was ordered removed from the United States. On or about November 21, 2023, PERCEL was removed to the Dominican Republic. On April 6, 2024, PERCEL was encountered on a vessel attempting to unlawfully enter the United States, and on or about June 18, 2024, was removed to the Dominican Republic.

 g. RODRIGUEZ is a citizen of the Dominican Republic. Immigration records revealed that on or about August 17, 2012, RODRIGUEZ was ordered removed from the United States. On or about October 4, 2012, RODRIGUEZ was removed to the Dominican Republic.

 h. SUERO is a citizen of the Dominican Republic. Immigration records revealed that on or about May 11, 2012, SUERO was ordered removed from the United States. On or about July 16, 2013, SUERO was removed to the Dominican Republic. SUERO was later encountered unlawfully inside the United States, and on or about November 12, 2024, was removed to the Dominican Republic.

12. On or about January 2, 2025, the USCG brought GODOY, ASENCIO, GUZMAN, RODRIGUEZ, HEREDIA, HERRERA, PERCEL, and SUERO ashore at the USCG Base in Miami Beach, Florida, the first place they entered the Southern District of Florida. They were transferred to CBP custody for immigration processing, which confirmed the previous findings.

13. After reviewing the immigration files for GODOY, ASENCIO, GUZMAN, RODRIGUEZ, HEREDIA, HERRERA, PERCEL, and SUERO, I have determined they did not have consent of the Attorney General of the United States or his/her successor, the Secretary of Homeland Security to apply for readmission to the United States.

## CONCLUSION

14. Based on the foregoing facts, it is my belief there is probable cause to believe that GODOY, ASENCIO, GUZMAN, RODRIGUEZ, HEREDIA, HERRERA, PERCEL, and SUERO illegally re-entered the United States after being previously removed, in violation of Title 8, United States Code, Section 1326(a).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
MICHAEL A. ROBERTS
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
by Face Time this __2nd__ day of January 2025.

_____
HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE